UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA KNOWLES,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

       Defendant.

Civil No. 06-183-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

       Plaintiff Patricia Knowles brings this action for judicial review of a final decision from defendant Commissioner denying plaintiff's application for Supplemental Security Income (SSI) disability benefit payments. Plaintiff protectively filed an application for these benefits on

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 - OPINION AND ORDER

November 6, 2002. She alleged that her disability began on June 15, 1999, stemming from manic depression, anti-social disorder, a bipolar disorder, and hepatitis C. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on August 16, 2005, at which the ALJ heard testimony from plaintiff, plaintiff's mother, a medical expert, and a vocational expert (VE). The ALJ issued a ruling on October 13, 2005, concluding that plaintiff was not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## FACTUAL BACKGROUND

Plaintiff was forty-six years old at the time of the ALJ's decision. She completed the eleventh grade, and had no vocationally relevant past work. Tr. of Admin. R. (hereinafter, Tr.) at 13-14. She testified that she is unable to work due to mental impairments, anxiety, and depression. She is fatigued and uncomfortable in large groups of people. Tr. 248-52. She was diagnosed with "major depressive disorder, recurrent, moderate" in 2002. Tr. 14.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## **SUMMARY OF THE ALJ'S FINDINGS**

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of her disability. Tr. 22, Finding 1. At Step Two, the ALJ found that plaintiff had severe impairments including depression, "cognitive Disorder NOS," post-traumatic stress disorder, "personality disorder NOS," and a history of drug and alcohol abuse. Tr. 22, Finding 2.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 22, Finding 3.

At Step Four, the ALJ found that plaintiff had the RFC to understand, remember and carry out simple instructions but could not perform detailed tasks on a consistent basis throughout a full workweek. Tr. 22, Finding 5.

At Step Five, based in part upon the testimony of a VE, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. Tr. 22, Finding 9; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g). This work included employment as a housekeeping cleaner, and a sweeper/cleaner. *Id*.

**QUESTIONS PRESENTED**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits primarily due to alleged errors by the ALJ at Step Five, where the ALJ allegedly failed to recognize that plaintiff's combined impairments "are of a severity sufficient to preclude her from performing any work." Pl's Brief at 7. This court has examined plaintiff's arguments, and concludes that they are without merit.

**DISCUSSION**

At the outset of this analysis, this court notes that plaintiff's counsel asserts that the ALJ failed to develop the evidentiary record sufficiently, and, specifically, failed to incorporate limitations identified by Dr. Dorothy Anderson, Ph.D., and Dr. Frank Lahman, Ph.D. Pl.'s Brief at 7-8.

Counsel for plaintiff asserts incorrectly that these doctors opined that plaintiff had moderate limitations in carrying out detailed instructions, maintaining attention and concentration for extended periods, interacting appropriately with the public, setting realistic goals independently of others, and also completing a normal workday or workweek without interruption from psychologically based symptoms and to perform at a consistent pace without frequent rest periods. Pl.'s Brief at 8.

However, an examination of the relevant portions of these doctors' report reveals that those "moderate limitations" named by counsel were actually marked as "summary conclusions derived from the evidence in the file." Tr. 192. Plaintiff's actual RFC assessment is found later in the report, and indicates that plaintiff is not significantly limited, can maintain attention but not concentration if tasks are complex or detailed, cannot have frequent contact with the public but can

interact with co-workers and supervisors, and would need mentoring to in the workplace to set realistic goals. Tr. 194.

The ALJ fairly incorporated these limitations that were actually attributed to plaintiff by the doctors in determining that plaintiff could understand, remember and carry out simple instructions but could not performed detailed tasks for full workweeks. *See* Tr. 22, Finding 5. The ALJ's findings are consistent with the opinions of Drs. Lahman and Anderson.

In a similar vein, plaintiff contends that the ALJ erred in the evaluation of plaintiff's cognitive impairments. Specifically, plaintiff argues that the ALJ ignored a conclusion from Dr. David Northway, Ph.D., that plaintiff suffered from a cognitive disorder, NOS, and a suggestion from Dr. Paula Belcher, Ph.D., that plaintiff might have organic brain damage and might need a neuropsychological evaluation. Counsel asserts that the "ALJ did not bother to ask a single doctor of the significance of the organic brain damage. . . ." Pl.'s Brief at 13.

In his decision, the ALJ noted that Dr. Northway diagnosed plaintiff with major depression, recurrent, severe, and assessed her with a bipolar affective disorder and cognitive disorder NOS and impairments in attention, concentration, judgment, and memory. Tr. 15.

The ALJ also noted that Dr. Belcher recommended a neuropsychological evaluation to rule out organic brain damage, and diagnosed plaintiff with "a rule out cognitive disorder NOS; post-traumatic stress disorder (PTSD); major depressive disorder, recurrent, moderate severity;" and other drug- and alcohol-related dependence. Tr. 16.

Although plaintiff complains that the ALJ failed to obtain additional information about these impairments, plaintiff appears to overlook the fact that the ALJ made a specific finding that accepted that plaintiff's "rule out cognitive disorder NOS, depressive disorder NOS, post-traumatic

stress disorder (PTSD), personality disorder NOS, and a history of alcohol and drug abuse are considered 'severe' . . . ." Tr. 22, Finding 2. The ALJ's further findings regarding plaintiff's limitations are consistent with accepting the opinions of Drs. Northway and Belcher as true. *See* Tr. 22, Findings 2, 5, 9.

Plaintiff also challenges the ALJ's evaluation of plaintiff's testimony. Plaintiff asserts that the ALJ failed to credit plaintiff's testimony about her fatigue and sleep habits adequately. Plaintiff fails to refer to specific testimony allegedly at issue, but instead provides a general citation to the hearing transcript encompassing sixteen pages. Pl.'s Brief at 12.

Plaintiff testified that she sleeps "good," sleeps "all the time," and sleeps "a lot," partly because of her medication. Tr. 255. Plaintiff concurred with estimates that she sometimes sleeps fourteen to fifteen hours a day. Tr. 255, 256, 258.

This testimony was not rejected. To the contrary, the ALJ accepted plaintiff's testimony, including her descriptions of sleeping during the day and taking naps. Tr. 17.

The ALJ incorporated this and other testimony from plaintiff and her mother in determining that plaintiff has mild and moderate impairment-related functional limitations. Tr. 18. These limitations are accepted and reflected in the findings about plaintiff's inability to work in large groups or to operate in coordination with coworkers, and her inability to independently formulate her own work plans or adjust to unanticipated changes in the routine work setting. Tr. 22, Finding 5.

This court concludes that plaintiff's credibility was evaluated correctly and that her testimony was not rejected improperly. The ALJ's interpretations of plaintiff's limitations are consistent with plaintiff's testimony and are supported by substantial evidence.

**CONCLUSION**

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Patricia Knowles' applications for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   14   day of March, 2007.


                                                                /s/ ANCER L. HAGGERTY
                                                                 ANCER L. HAGGERTY
                                                              United States District Judge

9  - OPINION AND ORDER